IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARLIN E. JONES,** | ) | **CASE NO. 8:10CV6** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CITY OF NORTH PLATTE, MARTIN** | ) | |
| **GUTSCHENRITTER, Chief of Police,** | ) | |
| **KENDALL ALLISON, Police Officer,** | ) | |
| **and JEANNE HINRICH,** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 6, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter on January 6, 2010. (Filing No. 1.) On January 19, 2010, Plaintiff filed his Motion for Leave to Correct Complaint, in which he requests that the court permit him to bring his claims pursuant to 42 U.S.C. § 1983 rather than 42 U.S.C. § 1981. (Filing No. 8.) For good cause shown, the Motion for Leave is granted and the court will consider Plaintiff's claims as brought pursuant to 42 U.S.C. § 1983.

Plaintiff names four Defendants, including the City of North Platte, Nebraska and two employees of North Platte (together, the "North Platte Defendants"). Plaintiff does not specify the capacity in which the North Platte Defendants are sued. (Filing No. 1.) Plaintiff also names one individual, Jeanne Hinrich ("Hinrich"), who is a resident of North Platte. (*Id.* at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that in November 2009, the North Platte Defendants investigated a "communication from an informant" relating to an alleged threat that Plaintiff "planned to kill" someone. (*Id.* at CM/ECF p. 2.) In doing so, the North Platte Defendants did not substantiate the threat and did not arrest Plaintiff. Plaintiff believes that the North Platte Defendants should have arrested the informant. (*Id.*) Further, Plaintiff has been unable to obtain copies of the police reports surrounding this incident, despite repeated requests. (*Id.* at CM/ECF pp. 2-3.) In addition, Plaintiff alleges that the City of North Platte "fails to train their employees," because there was "no probable cause to approach the Plaintiff" to investigate the alleged threat. (*Id.* at CM/ECF pp. 4-5.)

Plaintiff further alleges that Hinrich attempted to obtain a protective order against him in November 2009, in a Nebraska state court. (*Id.* at CM/ECF pp. 3-4.) In doing so, Hinrich knowingly made numerous false statements under oath and "she shall be held to show cause why she should not be prosecuted for perjury." (*Id.* at CM/ECF p. 4.) Plaintiff alleges that all of the Defendants caused him "mental anguish," and seeks $500,000 in damages. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for

failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.   DISCUSSION OF CLAIMS

*A.   Claims Against the North Platte Defendants*

Plaintiff seeks relief against the City of North Platte, Nebraska and two of its employees. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999).  As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants.  *See, e.g., Baker v. Chisom,* 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson,* 172 F.3d at 535 (assuming

3

official capacity only claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, Plaintiff did not specify the capacity in which the two North Platte employees are sued. (Filing No. 1.) Therefore, as set forth above, the court assumes that they are sued in their official capacities only and the claims against the North Platte Defendants are all actually claims against the City of North Platte, Nebraska.

A city may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must allege and prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

4

The court has carefully reviewed the Complaint.  Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of North Platte or its employees, or that the City of North Platte's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct.  In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries.  Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of North Platte across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against the City of North Platte in accordance with the *Jane Doe* standard.  Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (Filing No. 1), as amended, and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against the City of North Platte and its employees will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

  *B. Claims Against Hinrich*

Plaintiff also asserts claims against Hinrich, who is a resident of North Platte. (Filing No. 1.)  As best as the court can tell, Plaintiff alleges that Hinrich attempted to obtain a protective order against him in November 2009 in a Nebraska state court. (*Id.* at CM/ECF pp. 3-4.)  In doing so, Hinrich knowingly made numerous false statements under oath and Plaintiff requests that Hinrich "be held to show cause why she should not be prosecuted

for perjury." (*Id.* at CM/ECF p. 4.) Liberally construed, Plaintiff requests that Hinrich be investigated and prosecuted for perjury.

However, a private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." See *Collyer v. Darling,* 98 F.3d 211, 222 (6th Cir. 1996); *see also Parkhurst v. Tabor,* 569 F.3d 861, 867 (8th Cir. 2009) (quoting *United States v. Batchelder,* 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")). In short, the court does not have the authority to initiate a criminal prosecution against Hinrich and the claims against her are therefore dismissed.

## IV. APPOINTMENT OF COUNSEL

Plaintiff also seeks the appointment of counsel. (Filing No. 7.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Correct Complaint (Filing No. 8) is granted. All other pending motions are denied.

2. Plaintiff's claims against Defendant Jeanne Hinrich are dismissed without prejudice for failure to state a claim upon which relief may be granted.

6

3. Plaintiff shall have until **May 19, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against the North Platte Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

4. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), as amended, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **May 19, 2010**, and dismiss if none filed.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 20th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.